UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THOMAS HALE and JUSTIN WALLS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. |
| TERRY STOFFEL, in his official capacity, | ) ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiffs, Thomas Hale and Justin Walls, individually and on behalf of all others similarly situated, allege as follows against Defendant, Terry Stoffel:

### I. NATURE OF ACTION

1. The Huntington County Jail by direct order of Defendant provides inmates with civil cases no access to a law library, legal research materials, or legal assistance.

2. Because of this, indigent unrepresented individuals confined in the Huntington County Jail cannot pursue or bring nonfrivolous civil claims to court.

3. This action seeks declaratory and injunctive relief for the resulting harm Plaintiffs and class members suffer due to the denial of access to the courts in violation of the Fourteenth Amendment to the United States Constitution and Section 12 of Article 1 of the Indiana State Constitution.[1]

---

[1] Denial of an inmate's access to the courts is demonstrated where "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that . . . . [he] was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (Scalia, J.); *see also May v. Sheahan,* 226 F.3d 876 (7th Cir. 2000).

## II. JURISDICTION AND VENUE

4. This suit is brought pursuant to 42 U.S.C. § 1983.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. This Court has the authority to enter declaratory judgment and provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).  Defendant's office is within this district and the events and omissions that have given rise to and continue to give rise to allegations in this action occurred and continue to occur within this district.

## III. PARTIES

8. Plaintiffs are Thomas Hale and Justin Walls.

    a. Plaintiffs are proposed representatives of this class action.

    b. Plaintiffs and putative class members are indigent individuals confined in the Huntington County Jail in Huntington, Indiana who are unable to adequately pursue or even bring their civil claims in court due to Defendant's total denial of access to a law library, legal research materials, or professional legal assistance.

9. Defendant is Huntington County Sheriff Terry Stoffel ("Defendant").

    a. Defendant is named in his official capacity as sheriff of Huntington County.

    b. Defendant is responsible for the operation of the Huntington County Jail and the policies, practices, customs, and procedures pertaining to inmates' access to the courts in civil cases.

2

## IV. CLASS ACTION ALLEGATIONS

10. Plaintiffs bring this action pursuant to Federal Civil Rule of Procedure 23(a) and (b)(2) on behalf of themselves and all others similarly situated as members of the following proposed class:

> All indigent individuals incarcerated in the Huntington County Jail who seek to bring nonfrivolous civil rights or habeas corpus claims, are not represented by counsel for those claims, and are prevented from bringing those claims in court or have had their claims dismissed due to lack of access to a law library, legal research materials, or professional legal assistance.

11. The class is so numerous that individuals joinder of all class members is impracticable. Fed. R. Civ. P. 23(a)(1). At any point in time, dozens of the approximately one hundred indigent inmates incarcerated at the Huntington County Jail have nonfrivolous claims they cannot pursue or even file due to lack of the provision of legal materials.

12. There are questions of law and fact common to the class. Fed. R. Civ. P. 23(a)(2). The questions of law and fact common to all class members include but are not limited to:

   a. Whether indigent unrepresented inmates of the Huntington County Jail are provided sufficient or any access to a law library, legal research materials, or professional legal assistance in their civil claims;

   b. Whether indigent unrepresented inmates of the Huntington County Jail, if they are not provided access to a law library, legal research materials, or professional legal assistance, are able to pursue legal claims or even bring civil legal claims to court;

   c. Whether indigent unrepresented inmates of the Huntington County Jail are harmed if they are not provided access to a law library, legal research materials, or professional legal assistance and as a result are not able to pursue civil legal claims

3

or even bring these legal claims to court;

    d.  Whether the Huntington County Sheriff has a duty to provide inmates access to a law library, legal research materials, or professional legal assistance in their civil legal claims; and

    e.  Whether Defendant as Huntington County Sheriff has breached that duty and so harmed Plaintiffs and class members.

13. Plaintiffs' claims are typical of the claims of the class.   Fed. R. Civ. P. 23(a)(3).

14. Plaintiffs will fairly and adequately protect the interests of the class.   Fed. R. Civ. P. 23(a)(4).   There are no conflicts between Plaintiffs and class members.   Plaintiffs will vigorously prosecute this action on behalf of the class.   Plaintiffs are represented by competent counsel, Christopher C. Myers & Associates, who will vigorously prosecute the case along with class representatives on behalf of the class.

15. Defendant has acted or refused to act on grounds that are generally applicable to the entire class.   Fed. R. Civ. P. 23(b)(2).

16. There is continuing and substantial public interest in these matters.[2]

## V. FACTS

### A. BACKGROUND

17. Plaintiff Walls has been held in the Huntington County Jail since July 2016 and is currently serving a criminal sentence.

18. Plaintiff Hale has been incarcerated at Huntington County Jail since no later than October

---

[2] "The right of access to the courts . . . is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Sahagian v. Dickey,* 827 F.2d 90, 97 (7th Cir. 1987), quoting *Wolff v. McDonnell,* 418 U.S. 539, 579 (1974).

4

2016 and is currently awaiting trial.

19. Plaintiffs since their incarceration in the Huntington County Jail have been unable to pursue or even bring their civil rights, post-conviction, and habeas corpus claims in court due to the Huntington County Jail's total lack of available law library, legal research materials, or professional legal assistance.

20. Plaintiff Walls has been denied the ability to file and pursue (a) civil rights claims for alleged unconstitutional conditions of confinement including lack of hygiene and toiletry items, (b) habeas corpus claims over unlawful revocation of good time credit and unlawful disciplinary segregation, and (c) post-conviction claims to challenge his criminal sentence.

21. Plaintiff Hale has been denied the ability to file and pursue civil rights claims for alleged unconstitutional conditions of confinement including the lack of adequate toilet paper and hygiene supplies and the threat to health and safety presented by mold, poor ventilation, improper classification of inmates, and overcrowding in the jail.

## B. DENIAL OF ACCESS TO THE COURTS

### i. Plaintiff Walls

22. Since no later than July 2016, Defendant has continuously and entirely denied Plaintiff Walls access to the courts to pursue his civil rights, habeas corpus, and post-conviction claims.

23. Soon after arriving in the jail, on July 25, 2016, Plaintiff Walls notified Defendant: "I need to go to the law library so I [can] know my rights". Defendant's jail commander, Jeff Kyle, however, notified Plaintiff Walls that "I'm denying your request". The stated reason was that Plaintiff Walls was represented by an attorney in a separate criminal case.

5

However, criminal defense attorneys do represent their clients in separate civil cases for which they have not been retained.  This request and response is attached and incorporated into this Complaint as Exhibit A.

24. Plaintiff Walls continued to request access to assistance and the jail's law library to research his civil cases.  On September 19, 2016, for instance, Plaintiff Walls notified Defendant that he would "like to go to the law library."  Defendant's jail commander notified Plaintiff Walls that since "your [criminal] case has been decided" there is "no need for a law library."  The same day, Plaintiff Walls requested legal information pertaining to inmates' rights.  Defendant's jail commander responded: "I'm not obliged to get this info for you.  Have somebody send it into you."  The same day, Plaintiff Walls requested a copy of his rights as provided by the U.S. Constitution.  Defendant's jail commander responded: "I'm not obliged to get this info for you.  Have somebody send it into you." These requests and responses are attached and incorporated into this Complaint as Exhibit B.  Plaintiff Walls the next day asked Defendant for the mailing address for the American Civil Liberties Union.  Defendant's jail commander denied this request.  *See* Exhibit C.

25. If Defendant's policy were at all unclear, Plaintiff Walls on October 26, 2016 asked Defendant: "Does HCJ [Huntington County Jail] have a law library of any kind?  If you do, what are the resources available – law book, computer, etc.?  Who is allowed access to these resources?  Also, is there any fee associated with the use of resources with the HCJ law library?"  Defendant replied that any resources available "only" for inmates researching criminal cases.  This request and response are attached and incorporated into the Complaint as Exhibit D.

6

26. If it were at all unclear that this policy was directly ordered by Defendant himself, when Plaintiff Walls on November 3, 2016 again complained of denial of access to the law library and legal resources, Defendant's jail sergeant replied: "I spoke with Sheriff Stoffel.  He said we do not allow [the] law library for civil cases." (emphasis added).   This request and response are attached and incorporated into the Complaint as Exhibit E.

27. On November 15, 2016, Plaintiff Walls was forced to attempt to request corrective action against Defendant's jail commander who had denied him access to legal materials to research a petition for post-conviction relief.   Defendant's sergeant denied Plaintiff Wall's grievance because, by the sergeant's reasoning, Plaintiff Walls had been represented by an attorney in the underlying criminal case – though not in the post-conviction action he wished to file – and so if Plaintiff Walls had concerns about the sentence he wished to challenge, "you and your attorney should have went over all that."   This request and response are attached and incorporated into the Complaint as Exhibit F.

28. If any question remained concerning Defendant's total denial of access to legal resources and assistance in civil cases, Plaintiff Walls on November 16, 2016 notified Defendant that "Jeff Kyle [Defendant's jail commander] will not let me access the HCJ law library or any legal materials so I can do any research for a civil matter . . . Nor do I have an attorney, nor can I pay/hire one either because I am an indigent inmate here at the Huntington Co. Jail." Defendant's jail sergeant replied: "Sir, your questions about the law library have been answered.  We will not answer anymore grievances about the law library.  Thank you." This request and response are attached and incorporated into the Complaint as Exhibit G.

7

ii. Plaintiff Hale

29. Since no later than October 2016, Defendant has continuously and entirely denied Plaintiff Hale access to the courts to pursue his civil rights claims.

30. On October 31, 2016, for instance, Plaintiff Hale asked Defendant: "Why am I being denied access to the law library to research my case? Without assistance from a person adequately trained in the law or access to the law library, I cannot even petition to begin my case and I will therefore be totally prevented from asserting my legal rights." Defendant's jail commander denied Plaintiff Hale's request for access to civil legal materials stating: "Civil cases you are involved in is your responsibility." This request and response are attached and incorporated into the Complaint as Exhibit H.

31. The same day, Plaintiff Hale wrote Defendant: "I write to request you allow me access to your law library so I can research my civil rights case to assert my constitutional rights." Defendant's jail commander denied the request, stating: "Just like I told another inmate in your block, civil law does not apply to the jail since we are a criminal facility. Therefore, your request is denied." (emphasis added). This request and response are attached and incorporated into the Complaint as Exhibit I.

32. Plaintiff Hale persevered in attempting to access civil legal assistance and materials but was repeatedly frustrated and denied. For instance, on December 2, 2016, Plaintiff Hale asked for the addresses to the Huntington County Bar Association, the Indiana State Bar Association, and the American Bar Association so he could seek assistance for his civil cases. Defendant's jail commander denied this request, stating: "I do not need to provide you with this info." This request and response are attached and incorporated into the

8

Complaint as Exhibit J.  On December 8, 2016, Plaintiff Hale consequently notified Defendant: "I need to research some case law regarding a case.  However, I keep being denied access to the law library.  Why is this?"  Defendant replied: "You have a [criminal defense] lawyer, ask him to get info for you."  This request and response are attached and incorporated into the Complaint as Exhibit J-2.

## C. CONTINUING DENIAL OF ACCESS TO THE COURTS

33. Even if somehow Plaintiffs and class members could secure legal assistance from sources outside the Huntington County Jail, Defendant's policy even then would frustrate any nascent efforts to carry a case forward.

34. For instance, Plaintiff Hale on January 17, 2017 wrote Defendant to notify him that outgoing inmate mail was not being delivered and jail inmates were not receiving mail sent to them.  To this, Defendant's jail commander did nothing to remedy this concern.  "Keep track of your mail on your own time," he responded.  This request and response are attached and incorporated into the Complaint as Exhibit K.

35. On February 7, 2017, Plaintiff Hale complained to Defendant that the jail was refusing to make copies of legal documents and motions that were necessary to be filed for their cases. Defendant's jail commander denied the request and told Plaintiff Hale to request that his criminal defense attorney volunteer to fulfill the request.  This request and response are attached and incorporated into the Complaint as Exhibit L.

36. Further, Defendant has attempted to prevent Plaintiffs from accessing the courts to file this immediate action, itself a complaint against Defendant's denial of Plaintiffs' access to the courts.

9

37. For instance, both Plaintiff Walls and Plaintiff Hale are indigent and are seeking to proceed *in forma pauperis* in this action.   However, Defendant has repeatedly refused to provide certified copies of their inmate trust accounts which are to be filed with their petitions to proceed *in forma pauperis*.

38. On February 9, 2017, as documented, Plaintiff Walls wrote Defendant: "I turned in some papers on 02/03/2017 . . . to have . . . the right person fill them out.   I have not yet . . . receive[d] them back (inmate trust fund account).   Please provide a quick response to this request."   Defendant's jail commander refused, stating: "These aren't our forms, so I will not fill them out."   This request and response are attached and incorporated into the Complaint as Exhibit M.

39. Further, on February 13, 2017, Plaintiff Hale notified Defendant: "I, Thomas L. Hale, need a true and correct copy of the prisoner trust account statement for the last six months . . . . Thank you for your time."   Defendant's jail commander refused, stating, "Again, we will not fill out this paperwork."   This request and response are attached and incorporated into the Complaint as Exhibit N.

40. As a result of Defendant's wrongdoing, Plaintiffs and class members have suffered and are at imminent and serious risk of suffering harm unless Defendant is enjoined because Defendant and his agents have persisted in a wrongful course of conduct even though it is known that unrepresented indigent inmates have no access to a law library or legal assistance program in their civil cases, and Defendant and his agents have failed to take proper action to correct the failure to provide prisoners meaningful access to the courts.

41. Prior to filing this Complaint, Plaintiffs have exhausted all administrative remedies

10

available to them and met all legal prerequisites for proceeding in this action.

## IV. CLAIMS FOR RELIEF

### U.S. CONSTITUTION
### FOURTEENTH AMENDMENT

42. Based upon the facts above, Defendant under color of law and by custom, policy, practice, or procedure have violated the rights of Plaintiffs and class members in contradiction to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

43. Unless enjoined by the Court, Defendant will continue to violate the constitutional rights of Plaintiffs and class members.

### INDIANA CONSTITUTION
### SECTION 12, ARTICLE 1

44. Based upon the facts above, Defendant under color of law and by custom, policy, practice, or procedure have violated the rights of Plaintiffs and class members in contradiction to the Section 12 of Article 1 of the Indiana State Constitution.

45. Unless enjoined by the Court, Defendant will continue to violate the constitutional rights of Plaintiffs and class members.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully requests the Court:

A. Certify the class as defined;

B. Declare that Defendant has deprived and is depriving Plaintiffs and class members of their rights to access the courts in contradiction to the Fourteenth Amendment to the United States Constitution and Section 12 of Article 1 of the Indiana State Constitution;

C. Issue a preliminary and permanent injunction restraining Defendant from further violating the Fourteenth Amendment to the United States Constitution and Section 12 of

11

Article 1 of the Indiana State Constitution;

D. Award costs and attorneys' fees pursuant to 42 U.S.C. §1988; and

E. Grant all other just and proper relief.

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ David W. Frank
David W. Frank, #31615-02
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: dfrank@myers-law.com
Counsel for Plaintiffs, Thomas Hale and Justin Walls

DF/

12

## INMATE REQUEST SLIP

PURPOSE OF THIS REQUEST:

I need to go to The law library so I know my Rights under the New law

To: J Kyle

• As I said before, you are represented by a lawyer. Also, you stated you wanted to use it for another case, a case other than what you're in here for. I'm denying your Request Again

Inmate Name: Justin Walls          J. Kyle
Cell Block & Cell Number: E1
Date: 7-25-16   Time:              7-27-16



EXHIBIT
A

To J Kyle

**INMATE REQUEST SLIP**

PURPOSE OF THIS REQUEST:

I would like a print out of INDiana's Gide line of Inmate Rights Thank you

I'm Not obligated to get this info for you.

Have somebody sent it into you.

J. Kyle

9-19-16

Inmate Name: Justin P. Walls

Cell Block & Cell Number: CR

Date: 9-19-16   Time: _____

---

To J Kyle

**INMATE REQUEST SLIP**

PURPOSE OF THIS REQUEST:

I would like to go to the law library Thank you

You case has been decided. No need for a law library

J. Kyle

9-19-16

Inmate Name: Justin P. Walls

Cell Block & Cell Number: CR

Date: 9-19-16   Time: _____

---

To J. Kyle

**INMATE REQUEST SLIP**

PURPOSE OF THIS REQUEST:

I need a print out of all of the Constitutional Rights also Thank you

I'm Not obligated get get you this information

Have somebody sent it into you.

J Kyle

9-19-16

Inmate Name: Justin P. Walls

Cell Block & Cell Number: C

Date: 9-19-16   Time: _____



EXHIBIT B

**INMATE REQUEST SLIP**

To: J Kyle

PURPOSE OF THIS REQUEST:

mail I Here The
address To Aclu Cause
you Thank you aint abligated
To let me know my
Rights or Studiemse Rights
or Inmate Rigts at they matter
and maybe They will Help
Me

Contact Stefan
Poling. He's your lawyer.

J Kyle 9-21-16

Inmate Name: Austin D Wells
Cell Block & Cell Number: OR-2
Date: 9-20/16          Time:



EXHIBIT

C

## INMATE REQUEST SLIP

PURPOSE OF THIS REQUEST:

Does (HCJ) Have a Law Library of any Kind?

If you Do Whatare The resources available
Law Book, Computer, etc?

Who Is allowed access to These resources?

also IS There any fees associated with
The use of resources with The (HCJ) Law
Library?

Please Provide a response To my
request, Thank you
Justin P Wells    Justin P. Wells 10/26/16

Inmate Name: Justin P. Wells
Cell Block & Cell Number: H8
Date: 10/26/16    Time: 12:00 / 12:30 P.m


EXHIBIT
D
tabbies

**RESPONSE TO INMATE REQUEST:**

Inmate: _____

Criminal Only

Employee Name:_____

Date:_____ Time:_____

*Need a Copy Back Thx...*

## HUNTINGTON COUNTY JAIL
### Inmate Grievance

A grievance is a complaint. It must concern a rule or procedure, complaint of oppression or misconduct by an employee in administering such rules. It can also be a complaint about another inmate. A personal dispute between inmate and staff is not a grievance matter.

Inmate: _Justin P. Wells_ Cell: _H-8_ Date: _11/3/16_

Grievance files against: _Jeff Kyle_

Nature of complaint: _J. Kyle Will not Let me Have access To The_ _Law Library nor Will He give me The Proper legal materials To file for_ _a D.N.A Test in a Civil Case I Have going on. Nor Do I Have a attorney_ _and I Can't Pay/Hire one either. Because I am a indigent inmate Here at (HCJ)_ _So Therefore I can not Defend myself Properly To The Courts, So I do_ _feel and Thank my Constitutional/Civil Rights are Being Violated. Please_ _Provide a response To my Grievance Thank you_ _Justin P. Wells      Justin P. Wells      11/3/16_

Fill out your grievance form in detail. If extra space is needed please use the back of this form. An inmate may state a grievance concerning any matter he/she feels is unjust and not keeping with jail standards. The statement must be factual and signed. All grievances will be forwarded to the grievance chairman. Responses to grievances will be made as soon as possible.

Officer Receiving Grievance slip: _Houser_ unit # _35-81_ Date: _11-3-16_

Grievance Number: _____ Date Received: _11-3-2016_

Action Taken: _None_ Date: _11-3-2016_ unit # _35-42_

Response to Inmate: _I spoke with sheriff Stoffel. He said we Do not_ _Allow Law Library For Civil Cases. He Advised That you Have some one_ _from The outside Mail in What you Need._

Staff member resolving grievance: _Sgt. Joe Collins_ unit # _35-43_ Date: _11-3-2016_

Copy to: Inmate, Inmate file, and Jail Commander



## HUNTINGTON COUNTY JAIL
### Inmate Grievance

A grievance is a complaint. It must concern a rule or procedure, complaint of oppression or misconduct by an employee in administering such rules. It can also be a complaint about another inmate. A personal dispute between inmate and staff is not a grievance matter.

Inmate: Justin P. Walls          Cell: D-3    Date: 11-15-16

Grievance files against: Jeff Kyle

Nature of complaint: I turn in a Grievance yesterday on Jeff Kyle about How He wont Let me access the Law Library To research for The Proper motion/motions, To Complain To the courts Properly about a Criminal sentence I got Here in Huntington Co. So How, IS Jeff Kyle going to answer my Grievance, when The a Grievance IS Pertaining to Him. Please Provide a response To my Grievance Thank you.

Justin P. Walls    Justin P Walls  11-15-16

Fill out your grievance form in detail. If extra space is needed please use the back of this form. An inmate may state a grievance concerning any matter he/she feels is unjust and not keeping with jail standards. The statement must be factual and signed. All grievances will be forwarded to the grievance chairman. Responses to grievances will be made as soon as possible.

Officer Receiving Grievance slip: _____ unit # _____ Date: _____

Grievance Number: _____ Date Received: _____

Action Taken: _____ Date: _____ unit # _____

Response to Inmate: Mr. Walls: Commander Jeff Kyle has Answered your questions In reference to using the Law library. You Had an Attorney Stefon Poling during your Sentence on 35D011607F6 114, you put in a motion To Enter a plea of Guilty, written Advisement of Rights on 8-23-06, And Plea agreement. you and your Attorney should Have went over all that information. All that should Have been Handle at the time of Sentencing, you still Have Attorney Poling on your Case 35D011609F6 163, we are not required to give you access To the Law Library,

Staff member resolving grievance: SSGT P. ____ S.    unit # 35-41 Date: 11-16-16

Copy to: Inmate, Inmate file, and Jail Commander



EXHIBIT
F

# HUNTINGTON COUNTY JAIL
## Inmate Grievance

A grievance is a complaint. It must concern a rule or procedure, complaint of oppression or misconduct by an employee in administering such rules. It can also be a complaint about another inmate. A personal dispute between inmate and staff is not a grievance matter.

Inmate: Justin D. Wells                     Cell: D-3      Date: 11-16-16

Grievance files against: Jeff Kyle

Nature of complaint: Jeff Kyle will not let me access (HCJ) Law Library or any legal materials so I can Do any research for a Civil matter I Than going on at This Time Nor Do I have a attorney Nor can I Pay/Hire one Either Because I am a Indigent inmate Here at Huntington Co Jail (HCJ) I still Have Civil Rights? Right. So Please Provide a response To my Grievance Thank you
Justin D. Wells                    Justin D. Wells                11-16-16

Fill out your grievance form in detail. If extra space is needed please use the back of this form. An inmate may state a grievance concerning any matter he/she feels is unjust and not keeping with jail standards. The statement must be factual and signed. All grievances will be forwarded to the grievance chairman. Responses to grievances will be made as soon as possible.

Officer Receiving Grievance slip:_____ unit #_____ Date:_____

Grievance Number:_____  Date Received:_____

Action Taken:_____  Date:_____  unit #_____

Response to Inmate: Sir your questions about Law library have been Answered. We will Not Answer anymore grievance about the Law Library. Thank you.

Staff member resolving grievance: SSGT Petolos    unit #35-41 Date: 11-16-16

Copy to: Inmate, Inmate file, and Jail Commander



HUNTINGTON COUNTY JAIL
COPY

Inmate Grievance

A grievance is a complaint. It must concern a rule or procedure, complaint of oppression or misconduct by an employee in administering such rules. It can also be a complaint about another inmate. A personal dispute between inmate and staff is not a grievance matter.

Inmate: Thomas Hale          Cell: H2          Date: 10/31/2016

Grievance files against: Huntington County Jail / Jeff Kyle

Nature of complaint: Why am I being denied access to the law library to research my case? Without assistance from a person adequately trained in the law or access to the law library, I cannot even petition to begin my case and I will therefore be totally prevented from asserting my legal rights.

Fill out your grievance form in detail. If extra space is needed please use the back of this form. An inmate may state a grievance concerning any matter he/she feels is unjust and not keeping with jail standards. The statement must be factual and signed. All grievances will be forwarded to the grievance chairman. Responses to grievances will be made as soon as possible.

Officer Receiving Grievance slip: _____ 35-52 _____ unit # _____   Date: 10-31-16

Grievance Number: (63)   Date Received: 11-1-16

Action Taken: Answered          Date: 11-2-16     unit # 40

Response to Inmate:
• You have a lawyer for your criminal case, the lawyer can get you what you need for your case.

• Civil cases you are involved in is your responsibility

Staff member resolving grievance: J Kyle     unit # 40   Date: 11-2-16

Copy to: Inmate, Inmate file, and Jail Commander

EXHIBIT
H
tabbies'

## INMATE REQUEST SLIP

PURPOSE OF THIS REQUEST:

I write to request you allow me access to your law library so I can research my civil rights case to assert my constitutional rights.

Just like I told Another inmate in your block, civil law does not apply to jail since we are a criminal facility. Therefore, your request is denied.

J. Kyle

10-31-16

Inmate Name: Thomas Hale

Cell Block & Cell Number: H 2

Date: 10/31/2016    Time: 12:00 p.m.



EXHIBIT

I

## INMATE REQUEST SLIP

PURPOSE OF THIS REQUEST:

Could I please get the address to the following three places.

1. The Huntington County Bar Association.

2. The Indiana Bar Association.

3. The American Bar Association.

Thank you for your time.

Please provide a proper responce.

Inmate Name: Thomas L. Hale

Cell Block & Cell Number: H2

Date: 12/02/2016    Time: 11:23 a.m



**EXHIBIT**

**J**

**RESPONSE TO INMATE REQUEST:**

Inmate: _____

_____

I do not need to provide you with this info.

Ask your lawyer

J Kyb

12-5-16

Employee Name: _____

Date: _____  Time: _____

# HUNTINGTON COUNTY JAIL COPY
## Inmate Grievance

A grievance is a complaint. It must concern a rule or procedure, complaint of oppression or misconduct by an employee in administering such rules. It can also be a complaint about another inmate. A personal dispute between inmate and staff is not a grievance matter.

Inmate: Thomas L. Hale   Cell: F3   Date: 12/08/2016

Grievance files against: H.C.J. (Huntington County Jail, Huntington, Indiana)

Nature of complaint: I need to research some case law regarding a case. However I keep being denied access to the Law Library. Why is this? Please provide a proper response. Thank you for your time looking into this matter. —Thomas L. Hale

Fill out your grievance form in detail. If extra space is needed please use the back of this form. An inmate may state a grievance concerning any matter he/she feels is unjust and not keeping with jail standards. The statement must be factual and signed. All grievances will be forwarded to the grievance chairman. Responses to grievances will be made as soon as possible.

Officer Receiving Grievance slip: Walt McCann   unit # 35-47   Date: 12/08/16 @ 2032

Grievance Number: 94   Date Received: 12-12-16

Action Taken: Answered   Date: 12-12-16   unit # 40

Response to Inmate: You have a lawyer, ask him to get info for you.

Staff member resolving grievance: J Kyle   unit # 40   Date: 12-12-16

Copy to: Inmate, Inmate file, and Jail Commander

EXHIBIT J-2

## HUNTINGTON COUNTY JAIL COPY
### Inmate Grievance

A grievance is a complaint. It must concern a rule or procedure, complaint of oppression or misconduct by an employee in administering such rules. It can also be a complaint about another inmate. A personal dispute between inmate and staff is not a grievance matter.

Inmate: _Thomas L. Hale 200109672_  Cell: _F3 (F Block)_ Date: _01/17/2017_

Grievance files against: _H.C.J. (Huntington County Jail; Huntington Indiana 46750)_

Nature of complaint: _On 01/15/2017 I, Thomas L. Hale wrote a Grievance (Grievance number 112) Jail Commander Jeff Kyle Stated, "Corrective do not keep mail logs. It's Not Neccessary." If I, Thomas L. Hale and other Offender/Inmates can not get our mail logs, How do I, Thomas L. Hale or any other Offender/Inmate here at the H.C.J. know if our Mail is being mailed out? How do we know if Mail is coming in? The H.C.J. does not keep track of any mail legal or not. Thank you for your time_  _Thomas L. Hale_
_Date 01/17/2017_

Fill out your grievance form in detail. If extra space is needed please use the back of this form. An inmate may state a grievance concerning any matter he/she feels is unjust and not keeping with jail standards. The statement must be factual and signed. All grievances will be forwarded to the grievance chairman. Responses to grievances will be made as soon as possible.

Officer Receiving Grievance slip: _McCann_  unit # _35-47_ Date: _1-17-17_

---

Grievance Number: _(206)_  Date Received: _1-18-17_

Action Taken: _Answered_  Date: _1-18-17_  unit # _40_

Response to Inmate: _Keep track of your mail on your own time._

Staff member resolving grievance: _J. Kyle_  unit # _40_ Date: _1-18-17_

Copy to: Inmate, Inmate file, and Jail Commander



EXHIBIT K

COPY

# HUNTINGTON COUNTY JAIL
Inmate Grievance

A grievance is a complaint. It must concern a rule or procedure, complaint of oppression or misconduct by an employee in administering such rules. It can also be a complaint about another inmate. A personal dispute between inmate and staff is not a grievance matter.

Inmate: Thomas L. Hale 20010862   Cell: F3/F.Black Date: 02/07/2017

Grievance files against: H.C.J. (Huntington County Jail, in Huntington, Indiana 46750)

Nature of complaint: I, Thomas L. Hale and other Inmates have asked on several occasions for copies to be made of our legal documents and/or motions that need to be sent to the court. No one here at the Huntington County Jail will make copies for I, Thomas L. Hale or other inmates needs. Thank you for your time.

Fill out your grievance form in detail. If extra space is needed please use the back of this form. An inmate may state a grievance concerning any matter he/she feels is unjust and not keeping with jail standards. The statement must be factual and signed. All grievances will be forwarded to the grievance chairman. Responses to grievances will be made as soon as possible.

Officer Receiving Grievance slip: Quicken   unit # 35-52  Date: 02-07-17

Grievance Number: 230   Date Received: 2-7-17

Action Taken: Answered   Date: 2-7-17   unit # 40

Response to Inmate: You have a lawyer, ask your lawyer to make copies for you.

Staff member resolving grievance: J. Kyle   unit # 40   Date: 2-7-17

Copy to: Inmate, Inmate file, and Jail Commander

EXHIBIT
L

## INMATE REQUEST SLIP

PURPOSE OF THIS REQUEST:

I turned in some Papers on 02/03/17 To officer McCann + Hollie Houser To Have Commissary or The Right Person fill Them out. I Have not yet To Recieve Them Back? (Inmate trust fund account)

Those ARON'T ouR foRms, so I will Not fill them out

J. Kyl

2-9-17

Please Provide a quick Response to This Request.

Thank you

Justin D. Walls          Justin D Walls 02/09/17

Inmate Name: Justin D. Wells
Cell Block & Cell Number: H-7
Date: 02/09/17    Time: 12:00 /12:30 p.m



## INMATE REQUEST SLIP

PURPOSE OF THIS REQUEST:

• I, Thomas L. Hale need a true and correct copy of the Prisoner trust account statement for the last six months or for the duration of his/her confinement at this institution if less than six months.

• I, Thomas L. Hale also need the following two (2) prisoner account certificates filled out.

• Thank you for your time.

Inmate Name: Thomas L. Hale 20010862

Cell Block & Cell Number: F3/F. Block

Date: 02/13/2017    Time: 1452



EXHIBIT

N

tabbies

**RESPONSE TO INMATE REQUEST:**

Inmate: _____

Again,

We will not fill out this paperwork.

Again,

If you have a specific question about your commissary, commissary will answer it for you.

I answered this before, no need to go around me back to get somebody else to do it.

Employee Name: _____

Date: _____   Time: _____

J. Kyle

2-14-17