UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THOMAS HALE, and JUSTIN WALLS, for themselves and on behalf of themselves and other similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:17-CV-108-TLS |
| TERRY STOFFEL, in his official capacity, | ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Plaintiffs Thomas Hale and Justin Walls, on behalf of themselves and others similarly situated, bring this class action against Defendant Terry Stoffel in his official capacity as the Huntington County Sheriff. The Plaintiffs assert that they have been denied access to the courts in violation of their Fourteenth Amendment right to due process and in violation of Section 12 of Article 1 of the Indiana State Constitution. (*See generally* Compl., ECF No. 1.) This matter is before the Court on the Plaintiffs' Motion to Certify Class [ECF No. 2], filed on March 21, 2017. The Defendant responded on May 22, 2017 [ECF No. 23], and the Plaintiffs replied on October 20, 2017 [ECF No. 32]. For the reasons stated herein, the Court denies class certification.

**BACKGROUND**

At the time they filed their Complaint, the Plaintiffs were housed in the Huntington County Jail in Huntington, Indiana. (Compl. ¶ 8.) The Plaintiffs allege that they "have been unable to pursue or even bring their civil rights, post-conviction, and habeas corpus claims in court due to the Huntington County Jail's total lack of available law library, legal research

materials, or professional legal assistance." (*Id.* at ¶ 19.) Specifically, Plaintiff Walls asserts that he has been unable "to file and pursue (a) civil rights claims for alleged unconstitutional conditions of confinement including lack of hygiene and toiletry items, (b) habeas corpus claims over unlawful revocation of good time credit and unlawful disciplinary segregation, and (c) post-conviction claims to challenge his criminal sentence." (*Id.* at ¶ 20.) Plaintiff Hale asserts that he has been unable to "file and pursue civil rights claims for alleged unconstitutional conditions of confinement including the lack of adequate toilet paper and hygiene supplies and the threat to health and safety presented by mold, poor ventilation, improper classification of inmates, and overcrowding in the jail." (*Id.* at ¶ 21.) Both Plaintiffs assert that they requested access to the jail's law library and resources several times but were denied each time.

Accordingly, the Plaintiffs seek declaratory and injunctive relief and reasonable attorneys' fees and costs available under 42 U.S.C. §§ 1983 and 1988. At issue here, the Plaintiffs also seek certification of a class related to the claims set forth in the Complaint.

**LEGAL STANDARD**

Certification of a class is proper only if the class meets all of the requirements of Federal Rule of Civil Procedure 23(a) and one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Rule 23(a) is satisfied if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892–93 (7th Cir. 2012). Additionally, the Seventh Circuit has held that a class must be sufficiently defined so that the class is identifiable. *All. to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977); *see also Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981) ("It is axiomatic that for a class action to be certified, a 'class' must exist."); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). If all of these prerequisites are met, the Court must also find that at least one of the subsections of Rule 23(b) is satisfied. As relevant here, Rule 23(b)(2) is satisfied if:

> the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Fed. R. Civ. P. 23(b)(2).

A plaintiff who fulfills both conditions of Rule 23 is entitled to class certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action."). However, Rule 23 "does not set forth a mere pleading standard"; rather, a plaintiff "must affirmatively demonstrate his compliance with the Rule [and] be prepared to prove" its requirements. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Importantly, "the party seeking class certification assumes the burden of demonstrating that certification is appropriate." *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584 (7th Cir. 1993) (citing *Trotter v. Klincar*, 748 F.3d 1177 (7th Cir. 1984)).

Ultimately, in deciding whether Rule 23 has been satisfied, the district court undertakes "a rigorous analysis" by making the necessary factual and legal inquiries. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). This analysis may require some overlap with the merits of the Plaintiff's underlying claim. *Dukes*, 564 U.S. at 351.

## ANALYSIS

The Plaintiffs seek to certify a class of individuals defined as the following:

> All indigent individuals incarcerated in the Huntington County Jail who seek to bring nonfrivolous civil rights or habeas corpus claims, are not represented by counsel for those claims, and are prevented from bringing those claims in court or have had their claims dismissed due to lack of access to a law library, legal research materials, or professional legal assistance.

(Pls'. Mot. for Class Certification 3, ECF No. 2).

The Plaintiffs assert that this class satisfies the requirements of Rule 23(a)(1)–(4) with respect to numerosity, commonality, typicality, and adequacy of representation, and also satisfies Rule 23(b)(2). The Defendants argue that the Plaintiffs' class definition is not adequately identifiable because it requires highly individualized inquiries regarding the merits of each potential member's claim.

The Court agrees with the Defendants. The Plaintiffs begin by defining the class as including "[a]ll indigent individuals incarcerated in the Huntington County Jail who seek to bring non-frivolous civil rights or habeas corpus claims." (Pls'. Mot. for Class Certification 3). This necessarily requires the Court to examine each potential class member's potential civil rights or habeas corpus claims, consider the merits, and determine whether such claims are non-frivolous.

Further, the manner in which the Plaintiffs' have defined the class turns on a future decision on the merits. Such a definition is known as a "fail-safe" class and does not properly define a class in the Seventh Circuit. *See Mullins v. Direct Digital LLC*, 795 F.3d 654, 660 (7th Cir. 2015). The Plaintiffs' proposed class identifies indigent inmates with non-frivolous claims that "are prevented from bringing those claims in court or have had their claims dismissed due to lack of access to a law library, legal research materials, or professional legal assistance." This

would require the Court to make a determination regarding why each inmate failed to bring his non-frivolous claim or why his claim was dismissed, which would require an examination not only of the merits of the potential class member's claims, but also how the presentation of the merits of those claims would have been affected had the class member had greater access to a law library, legal research materials, or professional legal assistance. In short, the Court must delve both into the merits of each individual's civil rights or habeas corpus claims and into each individual's claim against the Defendant prior to acceptance into the class.

Courts have repeatedly held that this sort of individualized determination requires denial of a motion to certify a class. *See e.g.*, *Noon v. Sailor*, No. NA99-0056-C-H/G, 2000 WL 684274, at *4 (S.D. Ind. Mar. 14, 2000) ("The problem with this proposed class definition is that the court could not determine whether any individual was a member of the class without hearing evidence on what would amount to the merits of each person's claim. Where that type of inquiry is needed to determine whether a person is a member of a class, the proposed class action is unmanageable virtually by definition."); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169 (S.D. Ind. 1997) (denying class certification where determining class membership would require individualized determination on the merits of the claim); *Ind. State Employees Ass'n v. Ind. State Highway Comm'n*, 78 F.R.D. 724, 725 (S.D. Ind. 1978) (denying class certification where "it would be impossible for the Court to ascertain whether or not a given person is a member of the class until a determination of ultimate liability as to that person is made").

"When a proposed class definition links class membership with the merits of the class members' claims, the class is not ascertainable." *Felix v. Northstar Location Servs., LLC*, 290 F.R.D. 397, 401 (W.D.N.Y. 2013) (citations omitted). In *Northside Chiropractic, Inc. v. Yellowbook, Inc.*, the court denied class certification because the proposed class definition, which

included customers who were "beguiled and misled . . . with false promises and material misrepresentations," identified members who were, by definition, defrauded by the Defendant as asserted in the action. No. 09 CV 04468, 2012 WL 3777010, at *5 (N.D. Ill. Aug. 29, 2012). Similarly, in *Rush v. Whirlpool Corporation*, the plaintiffs sought to define a class based on persons who owned a specific refrigerator with "an in-door ice system which has malfunctioned as a result of a frozen water fill tube," but the court declined to certify the plaintiffs' class because in order to determine membership, the court would first have to consider the merits of the individual claims regarding the cause of the system malfunction. No. 07-2022, 2008 WL 11337601, at *1–2 (W.D. Ark. Nov. 13, 2008); *see also Plaza 22, LLC v. Waste Mgmt. of La., LLC*, No. 13-618, 2015 WL 1120320, at *3 (M.D. La. Mar. 12, 2015) (finding class not ascertainable where the court would first need to determine whether the proposed members had individually been injured by the defendants' conduct). So too here. The Court cannot determine membership of the proposed class without first evaluating the merits of each individual claim.

Accordingly, the Court finds that parsing out whether each proposed class member has a non-frivolous civil rights or habeas corpus claim and whether each proposed class member was prevented from pursuing his claim or had his claim dismissed as a result of the Defendant's policies and actions would require significant individual analysis. "Because [the] class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had [partaken in the requisite act, the movant] has failed to meet the requirements of Rule 23(a)." *Kenro*, 962 F. Supp. at 1169.

Because the Plaintiffs have failed to satisfy the requisite elements of Rule 23(a) for class certification, the Court declines to address the remaining arguments against class certification, as these issues are now moot.

## CONCLUSION

For the above reasons, the Court DENIES the Plaintiff's Motion for Class Certification [ECF No. 2].

SO ORDERED on March 12, 2018.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT